**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P. O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Attorneys for Educational Credit Management Corporation

| | |
|---|---|
| In re:<br><br>WAYNE ANTHONY CLINE and<br>SIOBHAN DONEGAN CLINE,<br><br>                 Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. MICHAEL B. KAPLAN<br>CASE NO. 10-48605 (MBK) |
| WAYNE ANTHONY CLINE and<br>SIOBHAN DONEGAN CLINE,<br><br>                 Plaintiffs,<br><br>     v.<br><br>SALLIE MAE, a/k/a SLM<br>CORPORATION,<br><br>                 Defendant. | CHAPTER 7<br><br>ADV. PRO. NO. 11-02242 (MBK) |

## ANSWER

Educational Credit Management Corporation ("ECMC"), a non-profit Minnesota

corporation, for its Answer to the Complaint ("Complaint") filed by the Debtors and Plaintiffs,

Wayne Anthony Cline and Siobhan Donegan Cline ("Plaintiffs"), by and through its undersigned

counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., alleges and states as follows:

## JURISDICTION AND VENUE

1.      The allegations in Paragraph 1 of the Complaint constitute a conclusion of law that ECMC neither admits nor denies.

2.      The allegations in Paragraph 2 of the Complaint constitute a conclusion of law that ECMC neither admits nor denies.

3.      The allegations in Paragraph 3 of the Complaint constitute a conclusion of law that ECMC neither admits nor denies.

## VENUE

4.      The allegations in Paragraph 4 of the Complaint constitute a conclusion of law that ECMC neither admits nor denies.

## BACKGROUND

5.      ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and leave Plaintiffs to their proofs.

6.      ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and leave Plaintiffs to their proofs.

7.      ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and leave Plaintiffs to their proofs.

8.      Except to state that it has taken assignment of one spousal consolidation loan made by Chase USA Trust/SLMA Trust with a balance due of approximately $30,623.58  as of August 31, 2011 (the "Loan"), ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and leaves Plaintiffs to their proofs.

9.      ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and leave Plaintiffs to their proofs.

2

10.     ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and leave Plaintiffs to their proofs.

11.     ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and leave Plaintiffs to their proofs.

12.     Except to deny that Plaintiff Siobhan Donegan Cline has no prospect for the development of the capacity to earn income in her future, ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and leave Plaintiffs to their proofs.

13.     Except to deny that Plaintiff Wayne Anthony Cline has no prospect for a significant increase in income or reduction in his living expenses in the immediate or remote future, ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and leave Plaintiffs to their proofs.

14.     ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and leave Plaintiffs to their proofs.

15.     ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and leave Plaintiffs to their proofs.

16.     ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and leave Plaintiffs to their proofs.

40475/0199-7891623v1

WHEREFORE, ECMC respectfully requests that this Court enter a judgment dismissing Plaintiffs' Complaint in its entirety, with prejudice, declaring the Loan to be a non-dischargeable obligation pursuant to 11 U.S.C. § 523(a)(8), and awarding such other and further relief as this Court deems just and proper.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Educational Credit
Management Corporation


By: _____*/s/ Kenneth L. Baum*_____
        Kenneth L. Baum


Dated: September 12, 2011

40475/0199-7891623v1